MANN et al. v. SOUTHLAND LIFE INS. CO. (No. 5993.)

(Court of Civil Appeals of Texas. Austin. Dec. 18, 1918. Rehearing Denied Feb. 19, 1919.)

LIMITATION OF ACTIONS &ckey;127(13)—AMENDMENT—NEW CAUSE OF ACTION.

Where defendant set up counterclaim for breach of contract, and subsequently filed supplemental answer alleging different contract and breach thereof more than four years prior to the filing of such answer, its cause of action on such breach was barred by limitations, though the original answer setting up counterclaim was filed within the four-year period of limitations.

Appeal from District Court, McCulloch County; J. O. Woodward, Judge.

Action by the Southland Life Insurance Company against Jas. T. Mann and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Shropshire & House, of Brady, for appellants.

F. M. Newman, of Brady, and Seay & Seay, of Dallas, for appellee.

KEY, C. J. On July 13, 1912, the Southland Life Insurance Company instituted this suit against J. T. and O. D. Mann for the purpose of establishing and restoring a deed of trust and the lien thereon, to secure the payment of $9,000, as evidenced by 10 promissory notes. The plaintiff alleged that the notes and deed of trust were lost, and that the defendants had refused to execute substitutes therefor. On August 23, 1912, the defendants filed an answer, admitting the plaintiff's cause of action, as set forth in the petition, except so far as it might be defeated by the facts set forth in the defendants' answer. On March 14, 1914, the defendants filed a special answer, admitting that they signed and delivered the notes and trust deed described in the plaintiff's petition, but alleged: That a subsequent contract was entered into in lieu of the original, by the terms of which plaintiff agreed to lend to the defendants $15,000, to be expended as follows: $2,500 to be applied to the payment of a debt for that amount owing by defendants to the plaintiff; and second, that the balance was to be advanced by the plaintiff to the defendants to enable them to construct a certain building larger than the one originally contemplated when the $9,000 indebtedness was incurred, and that on account of the plaintiff's failure to promptly furnish the $15,000 the defendants were unable to complete the building within the time contemplated by them and disclosed to the plaintiff. That as a result of such delay the defendants had lost the rent of the building for six months, a matter of $1,800, for which they set up a counterclaim against the plaintiff. On September 19, 1914, the plaintiff filed a supplemental petition, reiterating its former plea concerning the original contract, and alleging that subsequent thereto the defendants requested the plaintiff to increase their loan to $15,000, and that plaintiff refused to do so, but finally did agree to increase the loan to $12,000, but that this was the maximum amount they would loan upon the security offered; that defendants insisted upon the sum of $15,000 being loaned to them, which plaintiff refused; and that the contract set up by defendants to that effect was never, in fact, entered into. On September 17, 1917, more than four years after the original petition had been filed, the defendants in a plea styled by them supplemental answer, for the first time alleged that the plaintiff had failed to furnish the full amount of the $9,000 originally contracted for within the time agreed upon, and as a result thereof construction of the building had been delayed, and the defendants damaged, and sought to recover such damage from the plaintiff.

There was a jury trial, and in response to special issues the jury found: First, that the plaintiff did agree to loan to the defendants the sum of $9,000; second, that the plaintiff agreed to increase the amount of the loan to $12,000; third, that the defendants furnished to the plaintiff satisfactory additional security for the sum of $12,000; fourth, that there was no agreement to extend the loan to $15,000, as alleged by the defendants; and, fifth, that the plaintiff had furnished to the defendants $5,300 of the $9,000 originally agreed upon.

---

The court also submitted certain other questions *not to* be answered if the jury ·found that there was no contract extending the loan to $15,000, which questions, if answered, would have determined the amount of damage resulting from the breach of the latter contract.

The defendants have brought the case to this court upon four assignments of error, which, in substance, are: First, that the court should have granted the defendants' motion and rendered judgment for them upon their cross-action; second, that error was committed in refusing to give an instruction requested by the defendants relating to their cross-action founded upon the breach of the original contract; third, that the trial court erred in applying the four-year statute of limitations to the cross-action referred to; and, fourth, that error was committed in refusing to submit to the jury questions as to the ability of appellants to have completed their building by August 1, 1912, if appellee had advanced the amount covered by the contract.

We overrule all of the assignments, and affirm the judgment.

Appellants first predicated their cross-action upon a subsequent contract by which the loan was to be increased to $15,000, but the jury found that no such contract was made. The only other claim for damages asserted by appellants was predicated upon the breach of the original contract, but the jury did not find, and the proof did not show, that that contract was breached; and, if it was, such breach occurred more than four years before the plea asserting that cause of action was filed, and, as the plaintiff pleaded the statute of limitations, appellants were not entitled to recover thereon even if the jury had found that they had been damaged by reason of such breach.

No error has been shown, and the judgment is affirmed.

Affirmed.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error denied April 2, 1919.